ALEXIS GALINDO (SBN 136643)
  Email: agalindo@cgsattys.com
MAXIMILIANO GALINDO (SBN 328187)
  Email: mgalindo@cgsattys.com
CURD GALINDO & SMITH LLP
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone:  (562) 624-1177
Facsimile:   (562) 624-1178
www.cgsattys.com

Attorneys for Plaintiffs
MERCEDES TORRES, Individually and as Successor in Interest;
THOMAS TORRES, Deceased, through his successor in interest, MERCEDES
TORRES, J.T., A MINOR and T.T., a Minor, through their guardian ad litem,
WENDY FUNES.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES TORRES, Individually and as Successor in Interest; THOMAS TORRES, Deceased, through his successor in interest, MERCEDES TORRES, J.T., A MINOR and T.T., a Minor, through their guardian ad litem, WENDY FUNES.<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a public entity, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; ALEX VILLANUEVA; CLAY PORLIER; BRENDAN J. CORBETT; SERGIO ALOMA; DOES 1 through 20.<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES,**<br><br>1. 42 USC 1983 Deliberate Indifference-Eighth Amendment<br>2. 42 USC 1983 Deliberate Indifference-Fourteenth Amendment<br>3.  Monell Claims<br>4.  42 USC 1983 Deliberate Indifference-Failure to Train/Supervise 4 & 14th Amendment<br>5. 42 USC 1983 Substantive Due Process-Familial Relationship-Fourteenth Amendment.<br>6.  Negligence |

Plaintiffs, by and through their attorneys CURD, GALINDO & SMITH LLP, for their Complaint against Defendants, state as follows:

## **JURISDICTION AND VENUE**

1.      This is a civil rights wrongful death/survival action arising from Inmate Defendants', DOES 1 through 3 negligence and defendants', COUNTY OF LOS ANGELES, a public entity, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; ALEX VILLANUEVA; CLAY PORLIER, BRENDAN J. CORBETT; SERGIO ALOMA and LASD Sheriff Deputies/Custody Assistants/LASD Civilian Employees, DOES 4 through 10, negligence and deliberate indifference which led to the death of THOMAS TORRES, Deceased. THOMAS TORRES was beaten so badly on or about September 1, 2021 that he was hospitalized and died from his injuries on January 27, 2022. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.  Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.  The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

Venue is proper in this Court under 28 USC §1391(b), because Defendants reside in, and all incidents, events, underlying acts, omissions, injuries, and occurrences giving rise to this action occurred in, the County of Los Angeles, which is in the Central District of California.

**PARTIES AND PROCEDURE**

2.     Plaintiff MERCEDES TORRES is an adult who brings these claims individually as the biological mother of decedent, and as Successor in Interest for her son, THOMAS TORRES, Deceased, pursuant to California Code of Civil Procedure §§ 377.10 et seq. Attached hereto as **Exhibit A,** is the Statement of Compliance with CCP §§ 377.32.  MERCEDES TORRES is a resident of California and is entitled to bring these claims individually pursuant to California Code of Civil Procedure §§ 377.30 et seq., 377.60, and federal civil rights law.

3.     Plaintiffs J.T. and T.T. are minors, and the biological children of decedent, THOMAS TORRES, and bring these claims through their guardian ad litem, WENDY FUNES, their biological mother.  Plaintiffs bring these claims individually pursuant to C.C.P. § 377.60 and federal civil rights law.

4.     Plaintiffs herein bring these claims pursuant to California Code of Civil Procedure sections 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions.  All Plaintiffs bring their claims individually, and Plaintiff MERCEDES TORRES, as the mother of decedent who received financial/economic support from, THOMAS TORRES, brings claims for wrongful death, and survival

claims, on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law, and California law. These claims are also brought individually and on behalf of THOMAS TORRES, Deceased, on the basis of the 42 USC §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law.

5.     Defendant COUNTY OF LOS ANGELES ("COUNTY") is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT ("LASD"), a public agency subject to suit, which employs other defendants in this action.  In this case, the COUNTY and LASD acted through agents, employees, and servants, including their policymakers and through Defendant Sheriff ALEX VILLANUEVA ("VILLANUEVA"), the Sheriff of the LASD at the time the underlying acts, omissions, events, injuries, and related facts upon which the present action are based, who is sued herein in his individual capacity only.

6.     Defendant ALEX VILLANUEVA ("VILLANUEVA") was at the time of the wrongdoing alleged hereinafter the duly appointed Sheriff of Los Angeles County, and exercised all powers assigned by law to that position. Pursuant to California Government Code §26605, VILLANUEVA was under a duty to take charge of, and be the sole and exclusive authority to keep, the county jail and the inmates in it. (See, also, California Government Code §§26610, California Penal

Code §4006). In that capacity, VILLANUEVA oversaw and supervised the LASD in the performance of the duties, acts and omissions alleged hereinafter. He also exercised final policymaking authority over the policies and practices of LASD with regard to treatment of inmates, security procedures in jail facilities administered by the County of Los Angeles ("County Jail"), and the training and supervising LASD Deputies assigned to County Jail facilities. VILLANUEVA is a "person" within the meaning of 42 U.S.C. §1983.

7.    Defendant CLAY PORLIER was at the time of the wrongdoing alleged hereinafter the supervisor of the Twin Tower Correctional Facility (TTCF) and was delegated the duties for training, supervision of the custody Sheriff deputies and the Jail Mental Evaluation Teams (JMET) which addresses the needs of mentally ill inmates within the custody of the Los Angeles County Sheriff's Department.

8.    Defendant BRENDAN J. CORBETT was at the time of the wrongdoing alleged hereinafter the Assistant Sheriff of Los Angeles County and was delegated the duties for training, supervision of the custody Sheriff deputies.  Defendant SERGIO ALOMA was the de facto supervisor/operations manager for the Men's Central Jail.

9.    At all times, Defendants COUNTY OF LOS ANGELES and LASD, and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control,

employment, assignment and removal of individual members of the LASD, including those individuals charged with protecting the health and safety of detainees and arrestees at COUNTY OF LOS ANGELES detention facilities, including Plaintiff THOMAS TORRES, Deceased, through his Successor in Interest, MERCEDES TORRES, and to assure that said actions, policies, rules, regulations, practices and procedures of the LASD and its employees and agents comply with the laws and constitutions of the United States and of the State of California.

10. At all times mentioned herein, Defendants VILLANUEVA, PORLIER, CORBETT, ALOMA and DOES 4 through 20, inclusive, were residents within the County of Los Angeles, State of California.

11. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein Defendants VILLANUEVA, PORLIER, CORBETT, ALOMA and DOES 4 through 10, inclusive, were employees, agents and/or servants of the COUNTY OF LOS ANGELES, acted within the course and scope of said employment, agency and/or service, and possessed the power and authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the COUNTY OF LOS ANGELES detention facilities, including the Twin Tower, Men's Central Jail and the Inmate Reception Center, and concerning the means by which the life and safety of arrestees and detainees were to be secured, what criteria were to be used for placing arrestees and detainees together in custody, what methods of placement of an arrestee or detainee

in a jail cell were appropriate to safeguard the life and safety of the arrestee or detainee, the manner in which threats to the life and safety of an arrestee or detainee were to be evaluated and acted upon, what safeguards were to be in place to prevent inmates, arrestees or detainees who posed a threat to others in the facility from being permitted physical access to those others, what actions were to be taken when an arrestee or detainee is attacked or injured while incarcerated within a COUNTY detention facility, and what methods of surveillance were to be used within each detention facility to ensure immediate response to and prevention of incidents of violence occurring within jail cells, including holding cells.

12.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named defendants, is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or deprivation of rights hereinafter alleged. Plaintiffs will seek leave of Court to amend this Complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

13.     The reason why Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES, inclusive, is that the same have been unascertainable as of the date of filing of this complaint, as many of these DOES may

be LASD deputies, custody assistants, sergeants, captains, lieutenants, commanders, deputy chiefs, and/or civilian employee agents, policy makers and representatives of the LASD, or employees, agents and representatives of defendant COUNTY and others, and as such many of their records are protected by state statute and can only reasonably be ascertained through the discovery process.

14.     Defendants DOES 4 through 20 are LASD Deputy Sheriffs and/or LASD civilian employees at all material times were employed as law enforcement officers or civilian employees by Defendant COUNTY OF LOS ANGELES and were acting within the course and scope of that employment.  Defendants DOES 4 through 20 are being sued in their individual capacity.

15.     Defendants Sheriff Deputies/custody assistants DOE 4 through DOE 20 at all material times were employed as law enforcement officers or civilian employees by Defendant COUNTY OF LOS ANGELES and were acting within the course and scope of that employment.  .

16.     Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

17.     Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

18.     The acts and omissions of all Doe Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT.

19.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

20.     This complaint may be pled according to evidence later proven at trial and in the alternative pursuant to FRCivP 8(e)(2).

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

21.     Pursuant to California Government Code § 910, Plaintiffs presented to defendant County of Los Angeles appropriate claims for damages. Either the claims

were denied or more than 45 days have elapsed since the filing of the claims. This action was filed timely.

## FACTS

**A. General Allegations Regarding Policy and Practice**

22.     Defendants COUNTY and LASD, acted with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff THOMAS TORRES, Deceased, through his Successor in Interest, MERCEDES TORRES, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things:

a.  Subjecting persons in their jails to violence perpetrated by other detainees, arrestees, or inmates.

b.  Selecting, retaining, and assigning deputies, civilian personnel and civilian volunteers to their jails who exhibit deliberate indifference and reckless disregard for the safety, security and constitutional  and statutory rights of detainees, arrestees and inmates;

c.  Failing to take adequate security measures to protect detainees, arrestees and inmate from unnecessary harm, including but not limited to, the following: Separation of detainees and arrestees from potentially violent or dangerous inmates; use of security cameras to monitor violence within jail cells, including holding cells; training deputies, civilian personnel and civilian volunteers to monitor

detainees and inmates and immediately respond to acts of violence, or threats of violence; separating and/or closely monitoring mentally ill inmates who are unable to care for themselves and pose an imminent threat to themselves and/or others; recognizing potentially volatile situations and circumstances that are likely to erupt into violence.

d.  Failing to adequately train, supervise, and control deputies, civilian employees or volunteers in the arts of law enforcement;

e.  Failing to adequately discipline deputies or civilian employees involved in misconduct; and

f.  Condoning and encouraging deputies and civilian employees in the belief that they can violate the rights of persons such as the Plaintiff, THOMAS TORRES, in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

23.   Plaintiffs are informed and believe, and on the basis of such information and belief alleges, that defendants COUNTY and LASD ordered, authorized, acquiesced in, tolerated, or permitted other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs set forth in the preceding paragraphs. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the

1    safety, security, and constitutional and statutory rights of Plaintiff, THOMAS

2    TORRES, deceased, and others similarly situated.

3

4    **B. The Incident**

5        24.    Decedent, THOMAS TORRES, was arrested and booked on a parole

6    violation on June 10, 2021 under booking number 6195277 and booked into County

7

8    of Los Angeles Sheriff Department Jail located at 450 Bauchet St., Los Angeles,

9    California 90012 where he was held as a pre-trial detainee.  THOMAS TORRES

10

11   entered through IRC where he was classified as having a special handle and

12   classification for MENTAL status,  as a protected mentally ill patient and classified

13   as "Q. P."  Decedent, THOMAS TORRES, was housed at the mental health facility,

14

15   Twin Tower Correctional Facility (TTCF) dorm 261 for the mentally ill. Based on

16   information and belief Plaintiffs contend that on or about September 1, 2021, the

17   County of Los Angeles and its employees failed to protect Decedent, THOMAS

18

19   TORRES who was beaten by unknown and unidentified Inmates/Detainees, DOES 1

20   through 3, without provocation. As a result of the beating PLAINTIFF suffered a

21   fractured skull, fractured vertebrae and other injuries, suffering traumatic brain

22

23   injury.

24       25.    On information and belief, Plaintiffs allege that on or about September 1,

25   2021, decedent, THOMAS TORRES, was moved from the mentally ill facility, Twin

26

27   Tower Correctional Facility to Men's Central Jail module 2400 where he was not

28   protected as a mentally ill inmate and was beaten by Defendants DOES 1 through 3.

26.     On information and belief, Plaintiffs allege that on or about September 1, 2021, decedent THOMAS TORRES, as a pre-trial detainee was moved and housed at Men's Central Jail, where regular inmates are housed, which posed a significant risk of death or severe bodily injury. THOMAS TORRES was moved from Twin Tower where he was monitored as a mentally ill inmate to Men's Central Jail without providing him adequate protection as a mentally ill inmate who could not protect himself.

27.     Based on information and belief Plaintiffs thereon allege that on September 1, 2021 Decedent, THOMAS TORRES was beaten by fellow inmate defendants, DOES 1 through 3.  As deputies either watched on closed circuit television or were not paying attention to the inmates as they are required to do. As a result of the beating, THOMAS TORRES suffered a blunt force head trauma, massive facial damage, fractured skull,  multiple rib fractures, lung contusions, five stab wounds to the face, and traumatic brain injury.  Los Angeles City Fire Department was called.  THOMAS TORRES was transported and arrived at LAC + USC with acute respiratory distress and unresponsive. THOMAS TORRES underwent various procedures at LAC + USC.  On October 6, 2021 he was transferred to Golden Legacy Care Center and was discharged October 20, 2021 to Olive View UCLA Medical Center where he was treated for septic shock.  Decedent was then transferred to Kindred Hospital on December 15, 2021 but he never returned

to normal and on January 27, 2022 THOMAS TORRES died at Kindred Hospital in Baldwin Park, CA of his injuries.

30.    Plaintiffs, based on information and belief, allege that Defendants COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, DOES 4 through 20, acted negligently, acted with deliberate indifference and violated the Plaintiffs' civil rights and constitutional rights which led to decedent's wrongful death.

31.    Defendants COUNTY OF LOS ANGELES and its employees, LASD employees, DOES 4 through 10, while in the course and scope of their employment as deputy sheriffs, supervisors, custody assistants or classification officers for the COUNTY OF LOS ANGELES, also acted with negligence when they improperly classified THOMAS TORRES for housing at Men's Central Jail and special classification and failed to protect him while in custody.

32.    Plaintiffs, based on information and belief, allege that COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, DOES 4 through 20, knew or should have known that THOMAS TORRES, who is mentally ill would be subjected to extreme risk of death or great bodily injury if not protected and/or isolated while in general population at Men's Central Jail. THOMAS TORRES was mentally ill, which defendant Los Angeles County Men's Central Jail employees knew when he was booked into the Inmate

Reception Center and evaluated as mentally ill and classified for housing a Twin Towers Correctional Facility.

33.   Plaintiffs, based on information and belief, allege that COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, DOES 4 through 20, knew or should have known that if left unsupervised, unprotected, unsegregated and placed in general population, in Men's Central Jail, THOMAS TORRES, would be subjected to extreme risk of death or great bodily injury.

34.   Plaintiffs allege, on information and belief, that each of the Defendants sued herein was wrongfully, deliberately indifferently, unreasonably, negligently, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs and/or Decedent.  Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including both the individually named and DOE Defendants.

35.   A timely tort claim was presented on January 28, 2022 to the COUNTY OF LOS ANGELES on behalf of Plaintiffs and Decedent, pursuant to Government Code § 910 et seq.  The original claim was rejected on February 24, 2022 and this action was thereafter timely filed within all applicable statutes of limitation regarding the state claims.

37.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain adequate training, supervision and staffing with deliberate indifference to Plaintiffs' rights, by failing to maintain proper and adequate policies, procedures and protocols, by failing to ensure Decedent was given effective medical and mental health care, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

38.     Defendants, COUNTY OF LOS ANGELES, Command Staff, Detention Supervisory officers and corrections staff DOES 11 through 15, failed to adopt, implement, train and maintain policies and practices of accurately housing mentally ill inmates and protecting them inmates that are known to cause death or great bodily injury to mentally ill inmates.

39.     When booked into Inmate Reception Center and housed at Twin Tower, THOMAS TORRES was evaluated by Jail Mental Evaluation Team.  On or about September 1, 2021, in anticipation of his release, Decedent, THOMAS TORRES was negligently and with deliberate indifference moved from Twin Towers, where he was housed, at Men's Central Jail.  THOMAS TORRES was placed in a three (3) man

cell at Men's Central Jail with general population classified inmates without supervision and protection from these inmates, such as Defendants DOES 1 through 3. THOMAS TORRES was escorted to Men's Central Jail by County of Los Angeles deputy sheriffs/custodial assistants DOES 16 through 20, these defendants, including, VILLA NUEVA, PORLIER, CORBETT and ALOMA knew or should have known that THOMAS TORRES, an inmate with mental illness would be attacked beaten and subjected to risk of substantial injury if THOMAS TORRES if housed outside of the Twin Tower as he was a mentally unstable inmate. Defendant DOES 4 through 20, VILLA NUEVA, PORLIER, CORBETT and ALOMA failed to supervise, segregate and protect THOMAS TORRES from the three cellmates (DOES 1 through 3) at Men's Central Jail, where he should not have been housed due to his mental illness and special classification.

40. Based on information and belief, Plaintiffs allege that, COUNTY OF LOS ANGELES and its employees, DOES 4 through 20 were assigned to monitor the video feeds from the cameras located inside Men's Central Jail housing Units, where THOMAS TORRES and DOES 1 through 3 were located and where the beating occurred and negligently and with deliberate indifference failed to stop the initial contact and instead allowed the contact to escalate. DOES 1 through 3 knew that they were going to beat THOMAS TORRES, and in an attempt to hide the attack against THOMAS TORRES, they placed a sheet over the cell which should have been

immediately noticed by Defendant Los Angeles County Sheriff deputies/custody assistants DOES 4 through 20.

41.     Based on information and belief, Plaintiffs allege that, COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, VILLANUEVA, PORLIER, CORBETT, ALOMA  and DOES 4 through 20 had an obligation and duty to protect, THOMAS TORRES, a mentally ill pre-trial detainee, based on the prior history known to the COUNTY OF LOS ANGELES and its employees, to house pre-trial detainees such as, THOMAS TORRES in a separate module for the mentally unstable inmates and/or to have such inmates segregated from general population classified inmates and instead the mentally ill inmates are placed on high observation if moved to Men's Central Jail.

42.     Instead, the COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, and DOES 4 through 20, acted negligently and with deliberate indifferent to the rights of THOMAS TORRES and others by allowing THOMAS TORRES to be unattended with high risk inmates. Additionally, the COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, and DOES 4 through 20 acted with deliberate indifference and negligently monitored the actions of DOES 1 through 3 and THOMAS TORRES on the video feeds to assure that inmates in the Unit did not engage in prohibited conduct, including acts of violence, that may be detrimental to jail security or to the safety of other inmates and Detention Center staff.  The

surveillance cameras located inside the rear-cell and the monitors located in Men's

Central Jail were operational on September 1, 2021.  The sheet covering the cell

doors was a red-flag which should have alerted LOS ANGELES COUNTY

SHERIFF employees, and DOES 4 through 20.

43.    The video recording of the front and rear-cells where Decedent was

located shows the suspect inmates, DOES 1 through 3, engaged in suspicious activity

that should have triggered intervention by properly trained, supervised and diligent

detention/corrections officers. During the entire time that the criminal acts occurred

no correction officer separated or segregated DOES 1 through 3 from THOMAS

TORRES until after the beating was over.

44.    COUNTY OF LOS ANGELES and its employees, LOS ANGELES

COUNTY SHERIFF employees, and DOES 4 through 20 while acting under the

color of state law in their individual capacities, deprived Decedent THOMAS

TORRES of the right to be free from an unreasonable ongoing seizure as a pre-trial

detainee in the Los Angeles County Jail, as secured by the Fourth and Fourteenth

Amendments, and deprived Decedent THOMAS TORRES as a pre-trial detainee of

the rights, privileges, and immunities secured by the Fourteenth Amendment by

subjecting him, or through their deliberate indifference, allowing others to subject

him, to delay and denial of access to medical or mental health care for a serious, but

treatable, medical or mental health condition, and by subjecting him, or through their

reckless disregard, allowing others to subject him, to serious bodily injury and death.

45.     The Defendant, COUNTY OF LOS ANGELES and its employees, supervisory Command Staff failed to properly train the subordinate detention officers and deputies DOES 5 through 20 regarding the responsibilities associated with their respective employment positions and failed to ensure that the subordinate correctional officers were properly performing their duties.

46.     The Defendant, COUNTY OF LOS ANGELES and its employees, supervisory Command Staff were responsible for the health and safety of Decedent THOMAS TORRES  because he was in their custody, they had "stripped [him] of virtually every means of self-protection and foreclosed [his] access to outside aid."

47.     The Defendant, COUNTY OF LOS ANGELES and its employees, supervisory Command Staff may not delegate the constitutional duties that they owed to Decedent THOMAS TORRES to subordinate employees.

## DAMAGES

48.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Decedent THOMAS TORRES, through his Successor in Interest, MERCEDES TORRES, and Individually, J.T., A MINOR and T.T., a Minor, through their guardian ad litem, WENDY FUNES, sustained the following injuries and damages, past and future, including, but not limited to:

  a. Wrongful death of THOMAS TORRES;

  b. Hospital and medical expenses;

  c. Coroner's fees, funeral and burial expenses;

    d.    Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support;

    e.    Loss of economic support;

    f.    Violation of constitutional rights;

    g.    All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

    h.    THOMAS TORRES's loss of life, pursuant to federal civil rights law;

    i.    THOMAS TORRES's conscious pain and suffering, pursuant to federal civil rights law;

50.    The wrongful acts of the individually named defendants and DOE defendants, excluding defendants COUNTY AND LASD, were willful, oppressive, intentional, and malicious; therefore, punitive damages should be assessed against defendants in an amount deemed sufficient to punish and deter defendants and others in similar positions of authority from engaging in similar conduct in the future.

51.    Pursuant to 42 U.S.C. section 1988(b), Plaintiffs are entitled to recover their reasonable attorneys' fees incurred herein.

//

# FIRST CLAIM FOR RELIEF

## EIGHTH AMENDMENT – UNUSUAL PUNISHMENT

### (42 USC §1983 Deliberate Indifference)

### Wrongful Death & Survival Claims

### (ALL PLAINTIFFS AGAINST PORLIER, ALOMA & DOES 4 through 20)

52.     Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 49 above as though fully set forth herein.

53.     Individual defendants,  PORLIER, Aloma and DOES 4 through 20 in their individual capacity, acting under the color of state law in their individual capacities, deprived THOMAS TORRES of his civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution when they subjected him to cruel and unusual punishment and acted with deliberate indifference and reckless disregard toward DECEDENT's right to be free from unreasonable seizures, and afforded due process of law and by, among other things, the following acts:

a.     Placing DECEDENT, a vulnerable mentally ill pretrial detainee, was placed in housing in Men's Central Jail without supervision and subjected to known violent inmates, without watching, monitoring, or protecting DECEDENT;

b.     Failing to provide DECEDENT reasonable security and safe, appropriate housing and monitoring to accommodate his own mental health condition and his vulnerability to abuse and assaults by other inmates.

c.    Causing DECEDENT to remain in the cell with the dangerous and aggressive inmates, DOES 1 through 3 under circumstances which were conducive to the eruption of violence, when defendants knew, or should have known, that Decedent was a mentally ill inmate, defendants knew or should have known that an altercation would have erupted, and further violence was imminent, and DECEDENT had already been classified and housed under a mentally ill classification.

d.    Not observing or protecting DECEDENT, or otherwise standing by and allowing a brutal beating on DECEDENT by other inmates to continue for an unreasonable period of time, resulting in unnecessary and severe injury to DECEDENT.

e.    Failing to properly assess, classify and house inmates based on their mental health status.

54.    The listed Defendants further knew or must have known that DECEDENT was vulnerable to injury, suffering, and attacks by other inmates, and that if reasonable measures were not taken to abate that risk, DECEDENT would suffer serious bodily injury or death.

55.    Plaintiffs are informed and believe that LASD deputies/custody assistants DOES 4 through 20 were aware of the threat DECEDENT would be exposed to without supervision or security while housed at Men's Central Jail, instead of TTCF. LASD deputies/custody assistants DOES 4 through 20 intentionally, recklessly and with deliberate indifference, failed to take any security

measures to protect vulnerable inmates from violent assault and battery by inmates who present a danger to themselves and others.

56.    The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constituted a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

57.    The listed Defendants' failure to intervene, prevent, or stop the constitutional violations by others, of which each listed Defendant knew or must have known, and when each listed Defendant was in a position to so intervene when such violations were occurring, also renders such Defendant(s) liable for these violations.

58.    All Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs and Decedent of the rights described herein, knowingly, maliciously, and with deliberate indifference and conscious and reckless disregard for whether the rights and safety of Plaintiffs (Individually and on behalf of THOMAS TORRES) and others would be violated by their acts and/or omissions.

59.    As a proximate result of the foregoing wrongful acts and/or omissions, Plaintiffs sustained injuries and damages, as set forth above. Plaintiffs are therefore entitled to general and compensatory damages in an amount to be proven at trial.

60.    In committing the acts alleged above, the individually named Defendants and DOE Defendants acted maliciously, oppressively, and/or with reckless disregard for the rights, safety, and well-being of Plaintiffs and Decedent, and by reason thereof, Plaintiffs are entitled to punitive damages and penalties allowable under 42 U.S.C. § 1983, California Code of Civil Procedure §§ 377.20 et seq, and other state and federal law against these individual Defendants; no punitive damages are sought directly against the municipal Defendants.

61.    The ESTATE OF THOMAS TORRES claims damages as a survivor action and claims as damages the loss of his right to life and of the physical injuries, pain and emotional anguish and trauma he suffered prior to his death.

62.    As a result of these individual Defendants' actions and/or inactions and deliberate indifference to the serious mental/medical health conditions and constitutional rights of Decedent, Plaintiffs suffered loss of society, comfort, companionship, solace, love, affection, services of Decedent, their son and father, incurred burial and funeral expenses, and suffered and continue to suffer these damages.

63.    Plaintiffs are also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

## SECOND CLAIM FOR RELIEF

### FOURTEENTH AMENDMENT – FAILURE TO PROTECT

**Wrongful Death & Survival Claims**

COMPLAINT AND JURY DEMAND

**(Pursuant to 42 U.S.C. § 1983)**

**(ALL PLAINTIFFS AGAINST DEFENDANTS, PORLIER, CORBETT, ALOMA and DOES 4 through 20)**

64.    Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 63 above as though fully set forth herein.

65.    At all times relevant here, the individual defendants, PORLIER, CORBETT and ALOMA and DOE defendants 4 through 20 were present and were charged with the constitutional duties of protecting DECEDENT and were charged with the duty to not knowingly, with wanton disregard, cause his life, health and safety to be placed in danger by intentionally and/or deliberately ignoring the known dangers to DECEDENT that their actions and/or omissions placed him in.

66.    Each defendant had ample and reasonably sufficient time and opportunity to so intervene and prevent DECEDENT's injuries, and was compelled to do so as a Sheriff's deputy or authorized civilian employee under the laws of the State of California and under the Constitution of the United States of America. In deliberate indifference to the life and welfare of DECEDENT, each said Defendant intentionally and with deliberate indifference to the civil rights of DECEDENT, refrained from intervening in the acts leading to DECEDENT's injuries.

67.    As a result thereof, DECEDENT's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated. As a further result

thereof, DECEDENT sustained the injuries and damages alleged herein, including injury, trauma, physical pain, and a horrific death.

68.     The conduct of the individual defendants, PORLIER, CORBETT and ALOMA and DOES 4 through 20 was intentional, malicious, willful, wanton and in reckless disregard of DECEDENT's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on the individual Defendants.

69.     Defendants designation and placement of THOMAS TORRES in Men's Central Jail with a mentally ill inmate classification and without supervision placed THOMAS TORRES at substantial risk of suffering death or serious injury and harm.

70.     Defendants PORLIER, CORBETT and ALOMA and DOES 4 through 20 failed to reasonably institute measures to abate the risks to THOMAS TORRES even though those risks of serious injury and harm were high and well known and thus Defendants' conduct was negligent and objectively unreasonable.

71.     The Defendants acted with reckless disregard for the safety of inmates, including Decedent, when they watched TORRES be beaten and failed to prevent and stop the beating.

72.     The Defendants acted with reckless disregard to the safety of inmates when they did not properly segregate or supervise Decedent while he was in Men's Central Jail preparing for his release. The Defendants failed to monitor the live video

surveillance showing suspicious activity that should have triggered intervention by properly trained, supervised and diligent corrections officers, and failed to stop the attack before it began.

73.     The Defendants acted with reckless disregard and did not follow standard procedure when Decedent was moved from Twin Towers to Men's Central Jail.

### **THIRD CLAIM FOR RELIEF**

**Municipal Liability for Unconstitutional Custom or Policy**

**(42 USC §1983)**

**(BY ALL PLAINTIFFS AGAINST
DEFENDANT COUNTY OF LOS ANGELES)**

74.     Plaintiffs reallege and incorporate by reference in paragraphs 1 through 73 above as though fully set forth herein.

75.     Defendant COUNTY OF LOS ANGELES failed to take action to protect decedent from injuries he received by failing to make system-wide reforms to protect all inmates, including Plaintiff from harm caused by other inmates negligently processed.

76.     The events that led to decedent's beating are similar to other attacks by inmates on inmates in the recent past of which defendant COUNTY OF LOS ANGELES was aware or should have been aware.

77.     Moreover, defendant COUNTY OF LOS ANGELES had a duty to take action to protect inmates from harm, including Plaintiff.

78.     Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, defendants COUNTY OF LOS ANGELES and LASD, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of plaintiffs, maintained, allowed, encouraged, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices, and customs:

      a.     failing to adequately train, supervise, and control custodians of jail inmates in the proper recognition of dangerous inmates and violent situations;

      b.     failing to adequately train, supervise, and instruct custodians of jail inmates in properly monitoring, deterring, controlling and responding to inmate altercations and violence;

      c.     failing to use appropriate and generally accepted law enforcement procedures in handling emotionally disturbed and/or medically disabled persons;

      d.     failing to establish policies and procedures that enable prompt identification and separation of severely emotionally disturbed

and/or medically disabled persons, dangerous or violent inmates from other inmates, detainees or arrestees;

e.  failing to adequately train, supervise, and control custodians of jail inmates in the proper response to threats of violence and/or actual violence;

f.  failing to maintain adequate surveillance at the Inmate Reception Center inmate holding cells, to ensure safety of the pretrial detainees and other inmates being held there, especially those that are so mentally unstable that they are unable to care for themselves and present a danger to themselves or others;

g.  failing to establish policies and procedures to reduce the risk of inmate injury by providing for immediate response to inmate violence or threats of violence;

h.  failing to use appropriate and generally accepted law enforcement procedures in handling persons experiencing medical emergencies;

i.  To cover-up violations of constitutional rights by any or all of the following:

   i.  by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of emotionally disturbed persons;

ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

iii. by allowing, tolerating, and/or encouraging Sheriff Deputies to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

j. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

k. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.

79.     Defendant COUNTY OF LOS ANGELES, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants Sheriff

Deputies DOES 4 through 20, and other LASD personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

80.     The unconstitutional actions and/or omissions of Defendants Sheriff Deputies DOES 4 through 20 and other LASD personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the LASD. Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within COUNTY OF LOS ANGELES and the LASD, and that such policy makers have direct knowledge of the fact that the THOMAS TORRES's beating and subsequent death should have been prevented.  Notwithstanding this knowledge, the authorized policy makers within COUNTY OF LOS ANGELES and the LASD have approved of Defendants Sheriff Deputies DOES 4 through 20 failure to prevent the beating and death of THOMAS TORRES, and have made a deliberate choice to endorse Defendants failure to prevent the death of THOMAS TORRES.  By so doing, the authorized policy makers within COUNTY OF LOS ANGELES and the LASD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

81.     Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and

reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

82.     As a direct and proximate result of the foregoing, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as more specifically stated above.

## FOURTH CLAIM FOR RELIEF

### FAILURE TO TRAIN AND SUPERVISE (42 U.S.C. § 1983)

### Wrongful Death & Survival Claims

### BY PLAINTIFFS AGAINST DEFENDANTS PORLIER, CORBETT, ALOMA AND DOES 11 Through 20.

83.     Plaintiffs reallege and incorporate by reference in paragraphs 1 through 82 above as though fully set forth herein.

84.     At all times mentioned herein and prior thereto, defendants PORLIER, CORBETT, ALOMA and DOES 11 through 20, as supervisors of the custody division had a duty to train, instruct, supervise and discipline their subordinates to assure they respected and did not violate constitutional and statutory rights of inmates, and to objectively investigate violations of said prisoners' rights, including, but not limited to, the right to be free of infliction of cruel and unusual punishment by torture and the right to be safe and protected from injury while in defendants' custody, under the Fourth, Eighth and Fourteen Amendments to the U.S. Constitution.

85.     Plaintiffs are informed and believe, and thereupon allege, that prior to the incident alleged herein, defendants PORLIER, CORBETT, ALOMA and certain DOES 11 through 20, facilitated, permitted, ratified and condoned similar acts of inmate on inmate assaults, and were deliberately indifferent to the health and safety of inmates in general and DECEDENT in particular. Said defendants knew, or reasonably should have known, of this practice, pattern or policy of constitutional violations, and additionally, of the existence of facts and situations which created the potential of unconstitutional acts, and had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to other persons, but failed to do so.

86.     As a result thereof, DECEDENT's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated. As a further result thereof, DECEDENT suffered the injuries and damages alleged herein.

87.     The conduct of the individual defendants mentioned herein, in their individual capacities, was intentional, malicious, willful, wanton and in reckless disregard of DECEDENT's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on these Defendants in their individual capacity.

//

//

## FIFTH CAUSE OF ACTION

### DENIAL OF SUBSTANTIVE DUE PROCESS
### RIGHT TO FAMILIAL RELATIONSHIP
### (42 U.S.C. § 1983)
### Wrongful Death & Survival Claims

### BY PLAINTIFFS AGAINST VILLANUEVA,
### PORLIER, CORBETT, ALMORA & DOES 4 THROUGH 20

88.     Plaintiff, Mercedes Torres, asserts claims individually and as successor in interest; and Plaintiffs J.T. and T.T., Decedent's biological children, assert wrongful death claims individually under California Code of Civil Procedure section 377.60, et seq and reallege each and every paragraph in this Complaint as if fully set forth herein.

89.     All of the acts of Defendants VILLANUEVA, PORLIER, CORBETT, ALMORA & DOES 4 THROUGH 20 and the persons involved were done under color of state law.

90.     The acts and omissions of each Defendants VILLANUEVA, PORLIER, CORBETT, ALMORA & DOES 4 THROUGH 20 deprived Mercedes Torres, J.T. and T.T. and Decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to the Fourteenth Amendment by, among other things, depriving Plaintiffs of their right to a familial relationship with their family members without due process of law by their deliberate indifference.

91.    The Defendants, VILLANUEVA, PORLIER, CORBETT, ALMORA & DOES 4 THROUGH 20 and the other involved agents and employees acted pursuant to expressly adopted official policies or longstanding practices or customs of COUNTY OF LOS ANGELES. These include policies and longstanding practices or customs of failing to provide persons in pretrial custody who are mentally ill access to appropriate housing as stated above and incorporated herein.

92.    In addition, the training policies of COUNTY OF LOS ANGELES were not adequate to train its deputies, agents and employees to handle the usual and recurring situations with which they must deal with, including but not limited to encounters with individuals in pretrial custody with mental illness. These defendants and each of them knew that its failure to adequately train its deputies, agents and employees to interact with individuals suffering from mental illness and/or withdrawing from drug addiction made it highly predictable that its deputies, agents and employees would engage in conduct that would deprive persons such as Plaintiffs, of their rights. These Defendants were thus deliberately indifferent to the obvious consequences of their failure to train their deputies, agents and employees adequately.

93.    Defendants' failure to protect decedent and COUNTY OF LOS ANGELES's official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Plaintiffs each individual Defendant's official policies and/or longstanding

practices or customs are so closely related to THOMAS TORRES' injuries and death and thus the deprivation of the rights of Plaintiffs, as to be the moving force causing those injuries.

94.     As a direct and proximate result of the foregoing wrongful acts, Defendants, and each of them, Plaintiffs sustained general damages, including grief, emotional distress and pain and suffering, loss of comfort and society, in an amount in accordance with proof.

### SIXTH CLAIM FOR RELIEF

### NEGLIGENCE

### Wrongful Death & Survival Claims

**PLAINTIFFS AGAINST DEFENDANTS COUNTY OF LOS ANGELES and its employees, VILLANUEVA, PORLIER, CORBETT & ALOMA, LOS ANGELES COUNTY SHERIFF employees,  DOES 4 through 20)**

95.     Plaintiffs reallege and incorporate by reference in paragraphs 1 through 94 above as though fully set forth herein.

96.     Plaintiff's Estate and survivor claim damages for the pain and suffering and emotional distress unlawfully caused THOMAS TORRES during the events in question until the time of his death and for Plaintiffs' loss of their father.

97.     Plaintiff's Estate claims damages for the loss of enjoyment of life.

98.     Decedent's federal claims in life survive his death.

99.     Decedent's state law negligence claims also survive his death.

100.   At all material times, Defendants COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, VILLANUEVA, PORLIER, CORBETT , ALOMA and DOES 4 through 20 owed decedent, the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

101.   Defendants took custody of THOMAS TORRES upon his booking into the Los Angeles County Jail pending adjudication of his criminal charges.

102.   Decedent was a pre-trial detainee and had therefore lost his liberty at the time Defendants asserted custody and control over him.

103.   COUNTY OF LOS ANGELES and its employees, LOS ANGELES COUNTY SHERIFF employees, VILLANUEVA, PORLIER, CORBETT , ALOMA and DOES 4 through 20 within the course and scope of such agency, service and/or employment, and under color of authority, were negligent in regards to DECEDENT's health, safety and welfare, and breached that duty of care.

104.   At all material times, each Defendant owed Decedent the duty to act with reasonable care.

105.   These general duties of reasonable care and due care owed to Decedent by all Defendants include, but are not limited to, the following specific obligations:

      a. As a pre-trial detainee, to provide safe and appropriate jail custody for THOMAS TORRES, including reasonable classification, monitoring, and housing, including placing him in an adequately monitored cell

away from violent and combative inmates, and including taking appropriate measures to adequately house, classify, and supervise inmates, particularly when the custody facility is overcrowded;

b. To obey Court Orders pursuant to *Rutherford v. Baca*, et al., CV 75-4111-DDP for the care and safety of inmates, such as THOMAS TORRES;

c. To summon necessary and appropriate medical care for inmates, including THOMAS TORRES;

d. To use generally accepted law enforcement and jail procedures that are reasonable and appropriate for Plaintiffs' status who was housed with a mentally ill and/or emotionally disturbed person;

e. To refrain from abusing their authority granted to them by law; and,

f. To refrain from violating Plaintiffs' and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

g. To abide by prior settlement agreements as entered into between COUNTY and various governmental entities, including the settlement agreement entered into on or about August 2015 between the United States of America, acting through the United States Department of Justice, the COUNTY, and Sheriff VILLANUEVA, which provide for certain actions, precautions, and/or policies and procedures to be

undertaken by the COUNTY, LASD, and/or each of the Defendants, in order to ensure that the Los Angeles County jails address the serious medical and mental health needs of the prisoners and ensure their reasonable safety.

106.   By the acts and omissions set forth more fully in the paragraphs above, Defendants acted negligently and breached their duty of due care owed to THOMAS TORRES, which foreseeably resulted in the suffering of damages by THOMAS TORRES and Plaintiffs of the loss of their father.

107.   Defendants, through their acts and omissions, breached the aforementioned duties owed to THOMAS TORRES and Plaintiffs.

108.   Defendant COUNTY is vicariously liable pursuant to California Government Code section 815.2.

109.   As a result, THOMAS TORRES was injured, and he became permanently brain damaged and eventually succumbed to his injuries sustained while in custody at Men's Central Jail, to his damages as alleged herein.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them, as follows:

AS TO THE FIRST, SECOND,  AND FOURTH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;

2. For Special damages according to proof;

3. For Exemplary damages as provided by law, in an amount to be proved against each individual Defendant;

4. For Attorney's Fees pursuant to 42 U.S.C § 1988

5. For Costs of suit;

6. For such other and further relief as the Court may deem proper.

AS TO THE THIRD AND SIXTH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;

2. For Special damages according to proof;

3. For Attorney's Fees pursuant to 42 U.S.C § 1988 as to Third Claim

4. For Costs of suit;

5. For such other and further relief as the Court may deem proper.

DATED: June 15, 2022          **CURD, GALINDO & SMITH, LLP**

_/s/ Alexis Galindo_
Alexis Galindo
Attorneys for Plaintiffs

### **JURY DEMAND**

Plaintiffs hereby request a trial by jury.

DATED: June 15, 2022          **CURD, GALINDO & SMITH, LLP**

_/s/ Alexis Galindo_
Alexis Galindo
Attorneys for Plaintiffs

COMPLAINT AND JURY DEMAND

41